UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 Criminal Case No. 15-20153
                                  Honorable Linda V. Parker

KOURTNEY BATY,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE VERDICT AND DISMISS THE INDICTMENT ON GROUNDS OF VINDICTIVE PROSECUTION AND REQUEST FOR EVIDENTIARY HEARING (ECF NO. 31)

On March 18, 2015, a federal grand jury issued an Indictment charging Defendant Kourtney Baty ("Defendant") with one count of making a false statement to a federal officer in violation of 18 U.S.C. § 1001(a)(2). Following a three day trial, a jury found Defendant guilty as charged on June 11, 2015. Presently before the Court is Defendant's Motion to Vacate Verdict and Dismiss the Indictment on Grounds of Vindictive Prosecution and Request for Evidentiary Hearing. (ECF No. 31.) The government filed a response to the motion on July 6, 2015. (ECF No. 33.) For the reasons that follow, the Court finds that an evidentiary hearing is not warranted and denies Defendant's motion.

Defendant cites Federal Rule of Criminal Procedure 33(b)(2) in support of her motion.  Defendant's motion, however, is governed by Federal Rule of Criminal Procedure 12(b)(3).  *See* Fed. R. Crim. P. 12(b)(3)(iv) (identifying a motion for selective or vindictive prosecution as a motion falling under the rule).  Rule 12(b)(3) motions "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits[.]"  Fed. R. Crim. P. 12(b)(3).  While Rule 12 does grant the court the power to consider an untimely motion, the movant first must show "good cause" for not meeting the rule's deadline.  Fed. R. Crim. P. 12(c)(3).

Defendant does not explain why her pending motion could not have been raised pretrial.  The factual basis for the motion was available well before trial and the motion could be determined without a trial on the merits.  In fact, all of the facts relevant to the motion were known to Defendant and her counsel at least as of May 19, 2015, when the final pretrial conference was conducted.  According to Defendant, it was on that date that her counsel received a copy of the September 16, 2014 recording of the telephone conversation between Defendant and her brother, Brandon Baty.  (*See* ECF No. 31 at Pg ID 155.)  Because Defendant has not set forth any reason why her motion was not filed before trial, she has not shown good cause for excusing Rule 12's deadline.  The motion is untimely and therefore should be denied.  In any event, it also fails on its merits.

The parties agree that in order to demonstrate a prima facie case of vindictive prosecution, and therefore entitlement to an evidentiary hearing, a defendant must show the following: "(1) exercise of a [statutorily or constitutionally] protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; (4) the intent to punish the defendant for exercise of the protected right." *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001) (citation omitted); *United States v. Moon*, 513 F.3d 527, 534 (6th Cir. 2008). With respect to the first prong, Defendant claims that the government is prosecuting her in retaliation for her "attempt[] to exercise her constitutionally protected rights under the [Fifth] Amendment of the United States Constitution against self-incrimination." (ECF No. 31 at Pg ID 157.) As she explains further:

> The underlying vindictiveness alleged by Ms. Baty pertains to the personal and exclusive decision by the government attorney and case agent's decision to prosecute Ms. Baty for her refusal to testify before a grand jury, and give testimony against her brother Brandon Baty on a new weapons violation.

(*Id.*) Plaintiff's refusal to testify against her brother, however, is not protected by the Fifth Amendment's right against *self*-incrimination. *See United States v. Paguio*, 114 F.3d 928, 930 (9th Cir. 1997) ("There is no constitutional right not to 'snitch.' "); *see also United States v. Goff*, 400 F. App'x 1, 24 (6th Cir. 2010) (citing *United States v. Damiano*, 579 F.2d 1001, 1003 (6th Cir. 1978) ("The Fifth

3

Amendment privilege against self-incrimination 'is grounded on a reasonable fear of danger of prosecution.' ")).

In *Goff*, the Sixth Circuit rejected the defendant's claim that he was subjected to vindictive prosecution because he failed to demonstrate that he exercised a protected right when he refused to testify before the grand jury. 400 F. App'x at 23-24. The court of appeals had previously ruled that the defendant's refusal to testify before the grand jury, after being granted immunity, was not protected by his Fifth Amendment right against self-incrimination as there was no danger of prosecution. *Id.* at 24 (citing *In re Goff*, 112 F. App'x 423, 423 n.1 (2004) ("The order compelling [the defendant's] testimony and granting him immunity eviscerates any Fifth Amendment claim.")). In reaching its ruling that the defendant's refusal to testify was not constitutionally protected, the Sixth Circuit had rejected the defendant's argument that he should be excused from testifying due to his fear for the safety of his family, citing *In re Grand Jury Investigation*, 922 F.2d 1266 (6th Cir. 1991), "that fear is not a just cause to excuse the obligation to testify under [28 U.S.C.] § 1826 . . .."[1] *Id.* at 1273. In both

---

[1] 28 U.S.C. § 1826(a) provides:

    a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause
(Cont'd . . .)

4

*Goff* and *In re Grand Jury Investigation*, the Sixth Circuit cited to the Supreme Court's decision in *Piemonte v. United States*, 367 U.S. 556 (1961), where the Court stated:

> Neither before the Court of Appeals nor here was fear for himself or his family urged by Piemonte as a valid excuse from testifying. Nor would this be a legal excuse. Every citizen of course owes to his society the duty of giving testimony to aid in the enforcement of the law. *See Brown v. Walker*, 161 U.S. 591, 600, 16 S.Ct. 644, 40 L.Ed. 819. Lord Chancellor Hardwicke's pithy phrase cannot be too often recalled: "(T)he public has a right to every man's evidence." 12 Hansard's Debates 693; 8 Wigmore, Evidence (3d ed.), p. 64, § 2192.

*In re Goff*, 112 F. App'x at 1 (quoting *Piemonte*, 367 U.S. at 559); *see also In re Grand Jury Investigation*, 922 F.2d at 1272-73.

In short, Defendant fails to demonstrate the first prong of a prima facie vindictive prosecution claim. For this reason and the reason that her motion is untimely, the Court is **DENYING** Defendant's Motion to Vacate

---

shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of--

(1) the court proceeding, or

(2) the term of the grand jury, including extensions,

before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

Verdict and Dismiss the Indictment on Grounds of Vindictive Prosecution and Request for Evidentiary Hearing (ECF No. 31).

**SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: October 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 27, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager